*960 OPINION.
MaRquette :
Three contentions are made by the petitioner herein: (1) That there is no estate of the decedent taxable now or at any time in the past; (2) that the respondent erred in determining the value of the partnership interest in the Arcadia real estate in that he did not take into consideration that the value of an undivided one-fourth interest is less than one-fourth of the value of the entire estate; and (3) that the penalty imposed by the respondent because of the petitioner’s failure to file an estate-tax return within the time required by law is unauthorized and erroneous. The several contentions will be discussed in the order in which they are stated.
We find no merit in the petitioner’s first contention. It may be conceded without argument that, as urged by the petitioner, the partnership assets, as such, formed no part of the decedent’s estate. There did, however, at his death, pass to his estate the right to share in the partnership assets, when distributed, remaining after payment of its debts; and it is the value of that right or interest which is the measure of the tax involved herein. In determining the value of said right or interest the respondent very properly took into consideration the value of the partnership assets.
The petitioner also contends that the partnership’s undivided one-fourth interest in the Arcadia property as determined by the respondent, should be reduced by 25 per cent for the reason that the value of an undivided one-fourth interest is less than one-fourth of the value of the entire property. However, no satisfactory evidence was introduced to show what the value of the interest in question was, and wTe affirm the determination of the respondent.
Upon consideration of the evidence presented as to the third issue we are of the opinion that the delinquency penalty for failure on the part of the petitioner to file an estate-tax return within the time required by law should not be asserted. The petitioner is a woman evidently unfamiliar with either the laws of California or the United States. She relied upon an attorney who advised her that under the circumstances the filing of an estate-tax return for the decedent’s estate was not required. She followed that advice. That she believed, and still believes, that the attorney’s advice is sound, is evidenced by the first contention made herein, namely, *961 that there is no property of the decedent subject to the estate tax. We think that under the circumstances the petitioner’s failure to file an estate-tax return on time was due to reasonable cause and not to willful neglect and that, therefore, the imposition of a penalty for such failure is not authorized.
Reviewed by the Board.
Judgment will be entered on 15 days’ notice, under Rule 50.